**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Steve Morales, an individual, | ) | |
| Plaintiff, | ) | CV 17-0484-TUC-RCC (LAB) |
| v. | ) | |
| | ) | **REPORT AND** |
| Omni Resorts Tucson National; et al., | ) | **RECOMMENDATION** |
| Defendants. | ) | |

The Magistrate Judge recommends that the District Court dismiss this action for failure to prosecute or failure to comply with this court's orders pursuant to Fed.R.Civ.P. 41(b).

The plaintiff, Morales, claims that he "suffered an injury after tripping and falling over a curb at the entrance to Defendants' Resort." (Doc. 5, p. 5) He filed his original complaint in state court in June of 2017. (Doc. 5, p. 4) The defendant, Omni Hotels Management Corporation, removed the action on September 29, 2017, based on diversity jurisdiction. (Doc. 1)

The court set a scheduling conference for December 12, 2017. (Doc. 13) It instructed the parties to prepare and submit a joint report prior to the conference. *Id*. The plaintiff, Morales, failed to respond to the defendant's invitations to participate in preparing the joint report. (Doc. 28, p. 2)

At the conference on December 12, 2017, Morales appeared *pro se* and counsel for the defendant, Omni Hotels Management Corporation (Omni), appeared telephonically. (Doc. 24) Morales explained he was trying to retain a new attorney. (Doc. 24) The court continued the scheduling conference until January 30, 2018. *Id*. The court instructed the parties to get

together in the interim and submit a joint report. *Id*. Morales was instructed to disclose his medical records and submit his responses to Omni's outstanding discovery requests by January 30, 2018. *Id*.

The court held a second scheduling conference on January 30, 2018. (Doc. 26) Counsel for Omni appeared telephonically; Morales did not appear. (Doc. 26) Morales did not respond to Omni's invitations to participate in preparing a joint report prior to the conference. (Doc. 28, p. 2) He did not comply with the court's orders regarding discovery. (Doc. 28, p. 2) He has not contacted chambers to explain his absence.

On February 1, 2018, this court issued an order to show cause why this action should not be dismissed for failure to prosecute or for failure to comply with this court's orders. (Doc. 27) The court warned Morales that if he failed to file a timely response, the action could be dismissed without further notice. *Id*. Morales did not file a timely response. *Id*.

Discussion

Rule 41(b) reads in pertinent part as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

Fed.R.Civ.P. *See also Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389 (1962) (The court may dismiss an action pursuant to Rule 41(b) *sua sponte*.).

In this case, the plaintiff has not complied with the court's orders to appear at a scheduling conference, file a joint report, provide discovery, or file a response to the court's order to show cause. Accordingly, this court may dismiss the case pursuant to Fed.R.Civ.P. 41(b). *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1991).

Before dismissing an action, however, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46

F.3d 52, 53 (9th Cir.1995). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction." *Aguado v. First Magnus Fin. Corp.*, 2009 WL 4058173, at *1 (D. Ariz. 2009). "Thus the key factors are prejudice and availability of lesser sanctions." *Id*.

Upon balancing the factors, the court finds that the action should be dismissed. The plaintiff does not appear interested in moving this case forward. In fact, he seems to be engaged in a continuing pattern of ignoring this court's orders. The defendant notes that Morales has a history of trespassing on its hotel property both before and after the alleged incident. (Doc. 28-1, p. 3) The defendant has doubts as to whether the pending suit was filed in good faith. Accordingly, the court finds it unlikely that less drastic sanctions would suffice.

RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review, dismiss this action for failure to prosecute or failure to comply with this court's orders pursuant to Fed.R.Civ.P. 41(b). Omni's outstanding motion to dismiss should be dismissed as moot. (Doc. 28)

Pursuant to 28 U.S.C. § 636(b)(1), any party may file and serve written objections within 14 days after being served with a copy of this report and recommendation. If objections are not timely filed, they may be waived. The Local Rules permit a response to an objection. Reply briefs are not permitted absent permission from the District Court.

DATED this 20th day of February, 2018.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 3 -